UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLINT BRYANT, et al.,

        Plaintiffs,

    v.

BMW OF NORTH AMERICA LLC,

        Defendant.

Case No. 19-cv-0050-bhl

# PROTECTIVE ORDER

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e), the agreed motion for protective order, ECF No. 69, is **GRANTED**:

1. **Purpose.** The parties agree that this Stipulation and Confidentiality Order is necessary as discovery in the above-captioned lawsuit may involve the production of confidential, proprietary, and private information for which special protection from public disclosure is warranted. Specifically, this Action may involve trade secrets, customer information, and valuable research, development, commercial, financial, technical, and/or proprietary information, which is generally unavailable in the public domain, which may be confidential or otherwise protected from disclosure under federal or state law, for which special protection is warranted and that good cause exists for the entry of this Confidentiality Order.

2. **Definitions.**

    2.1. **"Document"** – The term "document" is defined as such term is defined in Rule 34 of

the Federal Rules of Civil Procedure. Accordingly, documents include writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.2. **"Action"** – The term "Action" shall mean the above-caption lawsuit.

2.3. **"Producing Party"** – The term "Producing Party" shall mean the party that produces Confidential documents in accordance with this Confidentiality Order.

2.4. **"Receiving Party"** – The term "Receiving Party" shall mean the party that receives Confidential information and/or documents from the producing party.

2.5. **"Recipient"** – The term "Recipient" shall mean any party or person that receives Confidential information and/or documents from the producing party, including any persons identified in Paragraph 6 of this Confidentiality Order, together with such person's shareholders, directors, officers, employees, agents, attorneys or employees of attorneys.

3. **Limitations On Use.** Any information or document designated as "CONFIDENTIAL" by a Producing Party, as provided in Paragraph 3.1 below, shall only be used by the Receiving Party for the purpose of litigation of this Action. Except as provided for in Paragraph 3.2 below, the use of any information or documents subject to this Confidentiality Order shall not be used in any other proceedings.

   3.1. All documents produced and designated as "CONFIDENTIAL" for review by any party to this Action, and any information reflected therein, shall be deemed to be "CONFIDENTIAL", and subject to the provisions of this Confidentiality Order pending such further designation of confidentiality as herein provided. Access to information so designated as "CONFIDENTIAL", or any copies, excerpts, digests, or summaries thereof, shall be limited to the persons listed in Paragraph 5 of this Confidentiality Order and subject to the restrictions set forth in this Confidentiality Order.

   3.2. In any other proceeding in which BMW of North America, LLC ("BMW NA") has been named a party, use of information or documents subject to this Confidentiality Order shall be permitted, upon prior written notice to the Producing Party's counsel

in this Action, and only to the extent reasonably necessary to alert BMW NA's counsel to a discovery deficiency alleged in such other proceeding. Nothing in this paragraph permits the use or filing of such Confidential information or documents in such other proceeding.

4. **Designation.**

   4.1. **Exercise of Restraint and Care in Designating Material for Protection**. A Producing Party shall take reasonable care to limit any Confidential designation to information and documents that reasonably qualify for protection given the purpose of this Confidentiality Order as stated in Paragraph 1, "Purpose". A Producing Party shall make reasonable efforts to ensure non-confidential information and documents are not unjustifiably swept within the ambit of this Confidentiality Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Producing Party to sanctions.

   4.2. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, the Producing Party shall promptly notify the Receiving Party that it is withdrawing the Confidential designation.

   4.3. A Producing Party may designate selected documents and the information reflected in them as "CONFIDENTIAL" as follows:

      4.3.1. With respect to any documents, by marking the documents, and each copy, with the legend "CONFIDENTIAL" at any time prior to the delivery of any requested copies of that document to other parties; provided, however, that all documents produced for inspection and not selected for copying shall continue to be treated as confidential;

      4.3.2. With respect to deposition testimony, if any, by so stating on the record or by written notification to counsel for the other party within 30 days after the deposition. Any transcript designated "CONFIDENTIAL" shall itself be treated as a Confidential document; and

      4.3.3. With respect to tangible things (other than documents) produced or disclosed, by giving written notice of the designation to the other party to the Action

upon disclosure or production;

4.4. In the event that a Producing Party fails to designate any document or information as Confidential in accordance with this Confidentiality Order that it later determines ought to be so designated, such Producing Party may, within a reasonable time after disclosure, designate such document or information as Confidential, and such documents or information shall thereafter be treated in accordance with this Confidentiality Order. The inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Confidentiality Order. The party disclosing Confidential material that should have been designated as such shall redisclose the material with the proper designation.

4.5. A party shall not be obligated to challenge the propriety of the designation of information, documents, or things as Confidential at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

4.6. If a party challenges a Confidential designation, it shall send or give notice to the Producing Party, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously resolved by agreement, either the Producing Party or the challenging party may apply for appropriate ruling(s) from the Court. The designated document, information or thing shall continue to be treated as Confidential until the Court orders otherwise.

4.7. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging

party to sanctions.
5. **Persons Permitted.** The only persons permitted access to Confidential information or any copies, excerpts, digests, or summaries, shall be as follows:
    5.1. The Court, as well as court reporters and court personnel;
    5.2. The parties to the Action and any executives, officers, directors, employees, or agents of the parties in the Action to whom it is necessary to show the material for purposes of preparing the litigation;
    5.3. The parties' respective attorneys as well as employees of those attorneys to whom it is necessary to show the material for purposes of preparing the litigation;
    5.4. Professional accountants, financial or other experts or consultants retained by or for the parties to assist in the preparation of the prosecution or defense of this Action, as well as their respective staff or employees whose duties and responsibilities require access to such materials;
    5.5. Deposition witnesses, at their depositions and on the record;
    5.6. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;
    5.7. Adjusters and other claims personnel associated with the general liability carrier and/or any excess carriers for all defendants relative to their handling of the claim file as part of this litigation.
    5.8. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and
    5.9. Individuals otherwise ordered by the Court.
6. **Restrictions.** Disclosure of Confidential information to those persons designated in Paragraph 5 of this Confidentiality Order shall be subject to the following restrictions:
    6.1. Confidential information shall not be given, shown, made available, discussed, or otherwise communicated to anyone without first informing such person of the contents of this Confidentiality Order. In the case of persons specified in Paragraph 5,

subsections 5.4 – 5.7 above, counsel for the Receiving Party shall obtain a signed acknowledgment, attached hereto as **Exhibit "A"**, stating that the person:

    6.1.1. Is familiar with the terms of this Confidentiality Order and agrees to comply with and be bound by such terms, and

    6.1.2. Submits to the Court's jurisdiction for purposes of enforcement of this Confidentiality Order.

6.2. No party shall file Confidential documents or materials with the Court until the Court determines whether such material may be filed under seal or on the public docket. A party seeking to file such material shall first notify the Producing Party, and the party seeking to maintain the confidentiality of the material shall promptly file a Motion to Seal such confidential material. The Motion to Seal shall reference this Confidentiality Order, describing the general nature and purpose for submitting the paper (i.e., exhibit to declaration in support of motion, etc.), and provide a factual demonstration of potential harm to support the request to have the document filed under seal. Reference to a document's designation as Confidential pursuant to this Confidentiality Order, without more, will not suffice to show a particularized need to seal such documents. Motions to Seal must be filed and ruled upon prior to submission of the actual material sought to be sealed; and

6.3. This Order is not intended to govern the use of Confidential information, documents, or things at the trial of this Action.

7. **Inadvertent Production**. When a Producing Party gives notice to the Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

8. **Final Disposition; Destruction/Return of Documents**. After the final disposition of this Action, within 45 days of a written request by the Producing Party, the Receiving Parties shall

return all Protected Material to the Producing Party or destroy such material. As used in this Paragraph, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other manner of reproducing or capturing any of the Confidential documents or materials, including the information contained therein, which are subject to this Confidentiality Order. Whether the Protected Material is returned or destroyed, the Receiving Parties shall submit a written certification to the Producing Party by the 45 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any of the Protected Material. Notwithstanding this provision, the parties' counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, except any such transcripts which are designated as Confidential or filed in accordance with paragraph 6.2, above ("Archival Material"). Confidential documents and materials, except those documents or materials which are admitted into evidence at trial and are not under seal, which are appended, exhibited or annexed to Archival Material shall be removed from such Archival Material and returned or destroyed in accordance with this paragraph. Any quotations, text, or other substantive reference to the information contained in the Protected Material which appears in the Archival Material shall be permanently redacted. Any copies of Protected Materials containing annotations, markings, or other notes, whether made by an attorney or other person, shall be destroyed in accordance with this paragraph.

9. **Objections Not Waived.** The parties' stipulation to the entry of this Confidentiality Order shall not constitute a waiver of any parties' right to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Order.

10. **No Prejudice.** This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11. **Response to Subpoena or Other Request for Production.** If any other person, Court, administrative or governmental agency subpoenas or otherwise orders the production of Confidential documents which are subject to the terms of this Confidentiality Order, the person to whom the subpoena or other process is directed promptly shall notify the issuing person, Court, or agency that the subpoenaed documents are subject to this Confidentiality

Order, and promptly shall notify the undersigned counsel for the Producing Party, in writing via email or facsimile, of the following: (1) the identity of the person, Court, or agency requesting production, including the address of same; (2) the documents or items being requested; (3) the date on which compliance is demanded; (4) the location at which compliance is demanded; and (5) the case name, jurisdiction, and index, civil case, or other number identifying the case or proceeding. Under no circumstances shall Confidential documents subject to this Confidentiality Order be produced prior to the expiration of forty five (45) days following receipt by the producing party of written notification of the subpoena or order seeking the production of such documents unless required by the subpoena or other court order. Nothing in this Confidentiality Order shall prohibit the Producing Party from intervening in the litigation or other proceeding in which the subpoena or other process has been issued, and the person to whom the subpoena or other process is directed shall cooperate in the Producing Party's efforts to prevent disclosure of Confidential documents in such litigation or other proceeding.

12. **Duration**. This Confidentiality Order shall survive the final resolution of this Action, whether by adjudication or settlement, and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

Dated at Milwaukee, Wisconsin on May 18, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge